IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**DANIEL MILLIMACI,**           )
                                )
        Petitioner,        )   C.A. No. 08-70 Erie
                                )
        v.                 )   Magistrate Judge Susan Paradise Baxter
                                )
**RAYMOND SOBINA, et al.,**     )
                                )
        Respondents.       )

# OPINION AND ORDER[1]

## I.    Introduction

Petitioner, Daniel Millimaci, is serving a life sentence imposed on June 20, 1990, by the Court of Common Pleas of Eric County. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking that judgment of sentence. [Document # 1]. The petition is second or successive. Because he did not receive an order from the United States Court of Appeals for the Third Circuit authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A), it must be dismissed for lack of jurisdiction.

## II.    Relevant Background

On May 22, 1990, an Erie County jury convicted Petitioner of first-degree murder and possessing an instrument of crime. On June 20, 1990, the Court of Common Pleas sentenced him to a term of life imprisonment on the murder conviction and 18-36 months on his other conviction.

Petitioner filed a direct appeal to the Superior Court of Pennsyvlania, which affirmed the judgment of sentence on January 21, 1992. On September 24, 1992, the Pennsylvania Supreme Court denied his petition for allowance of appeal ("PAA").

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

On March 5, 1993, Petitioner filed his first petition for collateral relief with the Court of Common Pleas under the Post Conviction Relief Act ("PCRA"), 42 Pa.Cons.Stat. §§ 9541 et seq. On December 8, 1993, the court denied relief. No appeal was taken to the Superior Court.

On April 5, 1995, Petitioner filed his second PCRA petition, which was denied by the Court of Common Pleas on October 13, 1995. Petitioner filed an appealed to the Superior Court, which affirmed the denial of the petition on June 24, 1996. He then filed a PAA with the Pennsylvania Supreme Court, which was denied on January 22, 1997.

On October 23, 2000, Petitioner filed a third PCRA petition, which was dismissed by the Court of Common Pleas on December 20, 2000. He appealed the dismissal to the Superior Court, which affirmed the decision below on November 19, 2001.

Next, on June 8, 2006, Petitioner filed in this Court a petition for writ of habeas pursuant to 28 U.S.C. § 2254. That petition was docketed as at Civil Action No. 1:06-cv-00135 (W.D. Pa.), and assigned to the Honorable Sean J. McLaughlin, who referred it to me. On December 27, 2006, Judge McLaughlin, upon my report and recommendation, dismissed the petition as untimely under the applicable statute of limitations at 28 U.S.C. § 2244(d). See Document # 6 and # 17 at Civil Action No. 1:06-cv-00135 (W.D. Pa.). Petitioner subsequently filed a request for a certificate of appealability with the Court of Appeals, which was denied as untimely on July 19, 2007. See 7/19/07 Order in Millimaci v. Brooks, et al., Docket No. 07-1460 (3d Cir.).

In the instant petition for writ of habeas corpus, Petitioner once again challenges his June 20, 1990, judgment of sentence. Document # 1, ¶ 2. He contends that the jury instructions given at his trial were unconstitutional and that his trial attorney was ineffective for failing to object to those instructions. Id., ¶ 12.

### III.  Discussion

Because the instant petition is at least the second one that Petitioner has filed in federal court in which he challenges his June 20, 1990, judgment of sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, AEDPA mandates that

before filing a second or successive federal habeas petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Court of Appeals establishes that Petitioner has not sought nor received from it permission to file a second or successive petition. Therefore, the instant habeas petition must dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54.

AEDPA, as codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is second or successive. Accordingly, a certificate of appealability is denied.

**IV.** **Conclusion**

For the foregoing reasons, the Petition For Writ Of Habeas Corpus [Document # 1] is dismissed and a certificate of appealability is denied.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 28, 2010

cc: counsel of record and
Daniel Millimaci
BG-7725
SCI Albion
10745 Route 18
Albion, PA 16475-0004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL MILLIMACI,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**RAYMOND SOBINA, et al.,** )<br>)<br>Respondents. ) | C.A. No. 08-70 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## ORDER

AND NOW, this 28th day of June, 2010;

IT IS HEREBY ORDERED that the Petition For Writ Of Habeas Corpus [Document # 1] is DISMISSED as a second or successive habeas petition. It is FURTHER ORDERED that a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.

.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: counsel of record and
Daniel Millimaci
BG-7725
SCI Albion
10745 Route 18
Albion, PA 16475-0004